**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4688**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JIKEEM GABRIEL TYLER,

        Defendant - Appellant.

_____

**No. 14-4691**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAKOTA RAYE BROWN,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00026-CCE-2; 1:14-cr-00026-CCE-1)

_____

Submitted:  May 29, 2015           Decided:  June 5, 2015

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina; Jay H. Ferguson, THOMAS, FERGUSON & MULLINS, LLP, Durham, North Carolina, for Appellants. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jikeem Gabriel Tyler and Jakota Raye Brown (together, "Appellants") appeal their respective 48-month and 50-month upward-departure sentences, see U.S. Sentencing Guidelines Manual § 5K2.21, p.s. (2013), imposed by the district court following their guilty pleas to conspiracy to possess with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(d) (2012). On appeal, Appellants challenge the reasonableness of their sentences. We affirm.

Appellants claim that their sentences are both procedurally and substantively unreasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). "First, we must determine whether the district court committed any procedural error, 'such as . . . improperly calculating[] the [Sentencing] Guidelines range, . . . selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Lymas, 781 F.3d at 111-12 (quoting Gall, 552 U.S. at 51). Preserved procedural errors may be reviewed for harmlessness. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (defining harmlessness of

3

nonconstitutional error). "Only if we determine that the district court has not committed procedural error do we proceed to assess 'the substantive reasonableness of the sentence imposed.'" Lymas, 781 F.3d at 112 (quoting Gall, 552 U.S. at 51).

Appellants first claim that the district court procedurally erred by failing to explain in its written statements of reasons with the specificity required by 18 U.S.C. § 3553(c)(2) (2012), its justifications for departing upwardly. Because Appellants requested "sentence[s] different than the one[s] ultimately imposed," they have preserved their § 3553(c)(2) challenge. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Even assuming, without deciding, that the district court's statements of reasons lacked the specificity required by § 3553(c)(2), we conclude that any error in this regard is harmless. Because the district court entered the written statements of reasons postjudgment, following a lengthy explanation of reasons during the sentencing hearing, the alleged lack of specificity cannot be said to have had "a substantial and injurious effect or influence on [Appellants' sentences,] and we can . . . say with . . . fair assurance[] . . . that the district court's explicit consideration [in its written statements of reasons] of . . . [the factors it had already expressly and thoroughly considered at Appellants' sentencing hearings] would not have affected the

sentence[s] imposed." Boulware, 604 F.3d at 838 (internal quotation marks omitted).

Next, Appellants claim that the district court failed to adequately explain the reasons for the extent of their sentencing departure. We conclude, however, that Appellants' arguments in support of this claim are unavailing. Unlike a departure pursuant to USSG § 4A1.3, we have never held that a § 5K2.21, p.s., departure obligated a district court to employ an incremental approach, see United States v. Dalton 477 F.3d 195, 199-200 (4th Cir. 2007) (describing § 4A1.3 analysis), and we decline to do so here. Additionally, and contrary to Appellants' assertions, we conclude that the district court "'set forth enough to satisfy [us] that [it] . . . considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority'" to impose the departure sentences. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Further, the district court's oral explanations demonstrate that it accorded Appellants individualized assessments and, thereby, adequately explained the reason for any parity or disparity in their sentences.

Brown claims that his sentence is procedurally unreasonable because the Government failed to present any evidence supporting application of a managerial-role adjustment under USSG

§ 3B1.1(b). Although it chose not to do so, the district court could have relied solely on the evidence that Brown instructed coconspirators to engage in criminal conduct as a basis for applying the § 3B1.1(b) upward adjustment. See United States v. Hamilton, 587 F.3d 1199, 1222 (10th Cir. 2009); United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). Relying on this evidence, we perceive no clear error in the district court's application of § 3B1.1(b). See United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013) (stating standard of review).

Because we conclude that the district court did not commit significant procedural error, we turn our attention to the substantive reasonableness of the sentences, "tak[ing] into account the totality of the circumstances, including the extent of any [deviation] from the Guidelines range." Gall, 552 U.S. at 51. "When reviewing a departure, we consider whether the sentencing court acted reasonably . . . with respect to the extent of the divergence from the sentencing range." United States v. Howard, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). However, "we 'must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the [divergence].'" 773 F.3d at 528 (quoting Gall, 552 U.S. at 51).

Appellants claim that their sentences are unreasonably high in relation to their established Guidelines ranges. Although

they twice repeat this claim, Appellants do not develop the argument beyond mere conclusory assertions and a citation to a single authority, which they do not attempt to apply to their appeals. Because Appellants fail to comply with Fed. R. App. P. 28(a)(8)(A), with respect to this claim, we do not review it. See Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 376 (4th Cir. 2013); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006).

Appellants next claim that their sentences are substantively unreasonable because they exceed the high end of the Guidelines ranges that would have applied had they been convicted of a dismissed count, which underlay the § 5K2.21, p.s., departure.[1] A departure may be "based on conduct . . . underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason[,] . . . that did not enter into the determination of the applicable [G]uideline[s] range." USSG § 5K2.21, p.s. In support of this claim, Appellants point to principles, established in our pre-

---

[1] Pursuant to plea agreements, the district court dismissed Count 3 of the superseding indictment, which charged Appellants with assaulting, resisting, opposing, impeding, or interfering with a federal officer in the performance of his official duties, in violation of 18 U.S.C. § 111(a) (2012).

7

Booker[2] precedent, appearing to limit the extent of upward departures, such as those under § 5K2.21, p.s., that are based on a defendant's uncharged or dismissed criminal conduct. <u>See</u> <u>United States v. Davis</u>, 380 F.3d 183, 193 (4th Cir. 2004); <u>United States v. Terry</u>, 142 F.3d 702, 709 (4th Cir. 1998). Even if we were to assume that these principles survived <u>Booker</u> intact, they would not prevent the district court from departing to the extent that it did. Appellants' departure sentences might have exceeded the limitations imposed by these principles if the underlying conduct consisted only of the dismissed count. However, as the district court noted, the conduct underlying the § 5K2.21, p.s., departures also consisted of uncharged conduct.

Finally, Tyler claims that his sentence is substantively unreasonable due to its near equivalence to Brown's sentence because Brown, unlike Tyler, was subject to a § 3B1.1 role adjustment. To the extent Tyler may base his claim on a comparison of his sentence to a coconspirator's, <u>see</u> <u>United States v. Goff</u>, 907 F.2d 1441, 1447 (4th Cir. 1990), <u>superseded on other grounds by</u> USSG app. C amend. 508; <u>see also</u> <u>United States v. Sierra-Villegas</u>, 774 F.3d 1093, 1103 (6th Cir. 2014), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. Mar. 25, 2015) (No. 14-9048), we conclude that Tyler has not shown that his and

---

[2] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Brown's situations are dissimilar enough that the parity between their sentences is unwarranted.  See 18 U.S.C. § 3553(a)(6); United States v. Holt, 777 F.3d 1234, 1270 (11th Cir. 2015), petition for cert. filed, __ U.S.L.W. __ (U.S. May 18, 2015) (No. 14-9919); United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996); United States v. Hall, 977 F.2d 861, 864 (4th Cir. 1992).

Accordingly, we conclude that Appellants' sentences are neither procedurally nor substantively unreasonable and, thus, that the district court did not abuse its discretion.  We therefore affirm the district court's judgments.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[3] Because Tyler does not assert that the record fails to disclose what occurred in the district court or that anything has been misstated or omitted in the record, we deny his pro se motion to correct the record.  See Fed. R. App. P. 10(e).  We likewise deny his pro se motion for leave to file a supplemental pro se brief.  See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011).