[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15203
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00022-BJD-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT KEITH CLAIBORNE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 14, 2015)

Before MARCUS, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Based on the district court's decision to upwardly vary from the advisory Sentencing Guidelines' range, Defendant Robert Keith Claiborne was sentenced to a 188-month prison sentence following his plea of guilty to two counts of unarmed bank robbery. He does not challenge on appeal the sentence imposed by the district court. Instead, he complains only that the district court, in completing its written Statement of Reasons, did not set out an explanation of the facts that justified the court's decision to upwardly vary. Based on this lapse, Defendant argues that the case should be remanded for him to receive a new sentencing hearing. We disagree, and affirm the district court's sentence.

## I.    Background

After being indicted for seven counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), Defendant was convicted upon his plea of guilty to two of those counts (Counts 3 and 7). Defendant does not dispute, however, that he actually committed seven bank robberies between July 2013 and January 2014. Nor does he disagree that, when he committed these seven robberies, he was serving a term of supervised release after having completed a 188-month federal sentence for six previous counts of bank robbery.

The presentence report ("PSR") calculated Defendant's Sentencing Guidelines' range as 57-71 months' imprisonment, based on a total offense level of 21 and criminal history category of IV. Although it did not object to the

2

calculations contained in the PSR, the Government urged the district court to upwardly depart and/or vary based on Defendant's lengthy criminal record and, in particular, his dogged determination to commit bank robberies.[1] That motion by the Government resulted in an extensive and thorough sentencing hearing, during which the district court considered the parties' arguments regarding the appropriateness of an upward variance, and the degree of any such variance.

The Government argued that the court should upwardly depart from a criminal history category of IV to a VI and that it should upwardly vary 8 offense levels, to reach a guideline range of 151-188 months. Further, given the fact that Defendant had been undeterred by his previous 188-month sentence for bank robbery, the Government urged the court to impose consecutive 188-month sentences for each of the two counts on which he was convicted.

Defendant articulated mitigating factors and initially argued for a sentence within the 57-71 month guideline range but, apparently recognizing that such a lenient sentence was not realistic under the circumstances, he ultimately asked for a sentence between 114-142 months.

In a colloquy that occupies six pages of the sentencing transcript and that reflected that it had fully considered the arguments of both parties, the district

---

[1] The Government argued that even though Defendant did not qualify for career offender status under the Guidelines, Defendant was nonetheless a "textbook career offender."

court laid out the aggravating and mitigating factors in the case and thoroughly explained its reasoning for the sentence it chose.  Ultimately, the court determined that the 376-month sentence (two 188-month consecutive sentences) requested by the Government was too harsh,[2] but the 142-month sentence requested by Defendant was too lenient.  Instead, the court imposed a 188-month sentence on each count to run concurrently.  In addition to its discussion of the specific factors of the case, the court also stated that the sentence imposed comported with the § 3553(a) factors intended to guide a court's decision, including recognition of the seriousness of the offense, providing just punishment, and promoting respect for the law.  Defendant objected to the sentence on substantive and procedural reasonableness grounds, but, as noted, has not pursued those arguments on appeal.

Following imposition of sentence, the district court issued a written Statement of Reasons on the AO Form 245B that is utilized for that purpose.  On page 2 of the form, the court indicated that the sentence it had imposed was outside the advisory guideline range.  On page 3, the court checked the blocks provided for the purpose of showing the reason the particular sentence was chosen. Specifically, the blocks checked showed that the court imposed its sentence because of the nature and circumstances of the offense and the history and

---

[2]  Demonstrating that it had listened with an open mind to Defendant's allocution, the district court noted that it had initially intended to impose a 20-year sentence, but had decided to impose a lesser sentence based on the sincerity of Defendant's expression of his regret and remorse.

characteristics of the defendant; to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. The court did not, however, fill in the blank below the above boxes, which blank asked the court to "explain the facts justifying a sentence outside the advisory guideline system."

It is this omission on which Defendant bases his request for a new sentencing hearing, arguing that a written explanation was required by 18 U.S.C. § 3553(c)(2).

## II.    Discussion

18 U.S.C. § 3553(c) provides that a district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence…" There is no question that the district court here, which engaged in a thorough discussion of its reasoning, complied with this provision. 18 U.S.C. § 3553(c)(2) further provides that, when a court has imposed a sentence that is outside the guideline range, the "reasons [for that sentence] must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28…." Arguing that the district court did not comply with this provision because checking the boxes was insufficient, Defendant says that the district court should also have articulated its specific reasons in writing.

The first question before us is the standard of review.  Because Defendant never objected before the district court as to the omission he now complains about, he never gave that court an opportunity to correct that omission.  Thus, arguably a plain error standard of review applies.  In fairness to Defendant, however, he could not have complained at the sentencing about this omission because a Statement of Reasons is completed after the sentencing hearing.  Yet, after entry of judgment, Defendant could have moved, pursuant to Federal Rule of Criminal Procedure 35, for the court to correct the sentence based on a technical or other clear error.  He did not do so.

We have no precedential holding directly on point.  In *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006), the district court gave no reason in open court for its decision to impose a life sentence on the defendant.  We held that, notwithstanding the defendant's failure to object to the court's silence as to its reasoning, a plain error standard was inapt, and instead we suggested that a *de novo* standard should be applied.  *See also United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006) (even where a defendant has failed to object, a *de novo* standard of review applies as to the question whether a district court complied with § 3553(c)(1), which requires an oral explanation of a sentence whose range exceeds 24 months).  Here, of course, the court did expound orally on its reasons

for imposing the sentence in this case.  Nevertheless, we will assume, without deciding, that a *de novo* standard applies here.

Here, § 3553(c)(2) requires the district court to explain in writing its reasons for imposing a sentence outside the guideline range.  Because the district court did not do so, this is error.  Yet not every error creates prejudice, and if an error made in connection with a sentencing proceeding is harmless, the sentence should be affirmed.  *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) ("A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect.") (internal quotation marks and alteration omitted).

The error here was clearly harmless.  Defendant argues that he is entitled to a new sentencing hearing because the district court made a clerical error when it later failed to fill in a block in the Statement of Reasons asking for its explanation of the sentence imposed.  But that clerical omission impacted in no way the fairness of Defendant's sentence.  Indeed, Defendant has not challenged the sentence, itself.  Further, the district court orally provided ample reasons for its decision, sufficient to allow Defendant to make a decision whether to challenge the sentence.  Accordingly, having determined that the district court's omission caused Defendant no harm, we find no reason to vacate the sentence already imposed or require a new sentencing hearing to be held.

Defendant's sentence is **AFFIRMED.**