# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 8, 2016          Decided February 14, 2017

No. 15-3053

UNITED STATES OF AMERICA,
APPELLEE

v.

JEFFREY NORMAN JACKSON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cr-00222-1)

*Sandra G. Roland*, Assistant Federal Public Defender, argued the cause for appellant. With her on the brief was *A.J. Kramer*, Federal Public Defender. *Tony Axam, Jr.*, Assistant Federal Public Defender, entered an appearance.

*Elissa Hart-Mahan*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief was *Gregory Victor Davis*, Attorney. *Frank P. Cihlar*, Attorney, U.S. Department of Justice, entered an appearance.

Before: KAVANAUGH and PILLARD, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Jeffrey Norman Jackson appeals his above-Guidelines sentence of imprisonment on the grounds that the district court failed to give valid reasons for his sentence and that the reasons the court did mention were invalid.

Jackson began committing his crime in this case while he was pleading guilty and being sentenced for a nearly identical crime. After being sentenced for his first offense, Jackson continued his criminal activity, despite the district court's leniency in giving him probation rather than imprisonment.

Jackson's earlier crime involved Unlimited Security, Inc., a company he founded and co-owned. The company provided security services to the local and federal government. At one time, Unlimited Security employed as many as 500 people. In 2002, his company filed for Chapter 11 bankruptcy protection. Unlimited Security had collected federal tax withholdings from the wages of its employees. Jackson's company was obligated to pay these tax withholdings to the U.S. Treasury. Instead, while his company was in bankruptcy, Jackson – as the company's chief executive officer – diverted $373,000 to another one of his businesses. In 2006, Judge Urbina of the United States District Court for the District of Columbia sentenced him to five years' probation.

While on probation for that crime, and before his sentencing in October 2006, Jackson began committing the offense for which he was sentenced in this case. In 2005 he formed Innovative Security Services, LLC. For the next four years, he failed to pay a total of nearly $600,000 in federal payroll taxes that his company had withheld from the wages of its employees. Jackson used these funds for personal items such as jewelry,

clothing, furniture, and rent. After entering into an agreement with the government, Jackson again pleaded guilty, this time to a violation of 26 U.S.C. § 7202 – willful failure to pay over federal employment taxes. A violation of § 7202 carries a five-year maximum sentence of imprisonment. Jackson's plea agreement placed his Sentencing Guidelines range at 27-33 months; his plea agreement stated that this sentencing range was not binding on the district court. The district court sentenced Jackson to 42 months' imprisonment – 9 months more than the top of the Guidelines range. The sentence included an order for Jackson to make restitution and to serve a term of supervised release.

## I.

Jackson wants his sentence set aside because, at the hearing, the district court did not sufficiently explain the reasons for it. At sentencing, a district court must provide "the specific reason" for a sentence outside the Guidelines range. 18 U.S.C. § 3553(c)(2); *see Gall v. United States*, 552 U.S. 38, 50 (2007). When the court announced Jackson's sentence of 42 months, his attorney did not object. To prevail in his appeal, Jackson must therefore convince us that the district court (1) "committed error"; (2) that the error was "plain or obvious"; (3) that it affected "his substantial rights"; and (4) that it "seriously" affected "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Hunt*, 843 F.3d 1022, 1029 (D.C. Cir. 2016) (alterations and quotation marks omitted). An error affects "substantial rights" only if the defendant establishes with "a reasonably probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Mack*, 841 F.3d 514, 522 (D.C. Cir. 2016) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

It is little wonder that Jackson's attorney did not interpose the objection now raised on appeal. Jackson, and anyone else present at his sentencing hearing, must have understood why the district court imposed an above-Guidelines sentence of 42 months. A central, uncontested consideration at the hearing was Jackson's commission of this crime while he was being sentenced and placed on probation for committing a crime with a common element – namely, stealing his employees' withholding taxes to use for his personal benefit.

The prosecutor stated that this was "the second time that this defendant has appeared in this courthouse to be sentenced for stealing employment taxes." Sentencing Transcript 3. The prosecutor added that Jackson obviously knew about his "duty to truthfully account for and pay over payroll taxes." *Id.* at 4. Jackson's past offense not only demonstrated willfulness, but also proved that despite a lenient sentence, he continued to commit a nearly identical offense. *Id.* at 6. Jackson's attorney acknowledged that Jackson "ended up on a very, very, very slippery slope twice," a revealing metaphor with no exonerating force. *Id.* at 20.

In committing both of these offenses, Jackson had no regard for the law or for the extreme distress he inflicted on his employees. Taking all of this into account, the district court summed up that Jackson had "been given [a] break . . . by Judge Urbina on the bankruptcy fraud," but rather than rehabilitating himself after committing that offense, he committed another and wound up "creating a nightmare for [himself] and a lot of other folks in the process." Sentencing Transcript 22-23. Stating that Jackson was "obviously not deterred by Judge Urbina's sentence" and that a Guidelines range "sentence is not adequate in this case," the court sentenced Jackson to 42 months' imprisonment. *Id*. at 23.

We believe the court adequately explained why it was giving Jackson that sentence. We have sustained other above-Guidelines sentences imposed in light of the similarity of the defendant's past offense. In *United States v. Ransom*, 756 F.3d 770, 774-75 (D.C. Cir. 2014)*,* for instance, we upheld an above-Guidelines sentence based on the district court's explanation that the defendant had committed his latest offense while on probation for a "substantially similar" one. This explanation, we added, "makes it plain" that the sentencing court "did not deem the Guidelines calculation in the report to have fully accounted for Ransom's criminal history." *Id.* at 775. *See also* U.S. SENTENCING GUIDELINES MANUAL § 4A1.1. The district court in *Ransom* also referred to the defendant's "abuse of trust," as the district court did here. *Ransom*, 756 F.3d at 774; *see* Sentencing Transcript 22.

## II.

Jackson argues that whatever the adequacy of the district court's statements at the sentencing hearing, the court's written report of the sentence was deficient.

His argument raises a recurring issue in appellate review of sentences. The issue is whether the "Statement of Reasons" each sentencing court prepares and submits to the Sentencing Commission pursuant to 28 U.S.C. § 994(w) has any bearing on the validity of the court's sentence. Although the issue was not briefed in this case (but was a topic of oral argument), we have discretion to consider it. *See U.S. National Bank of Oregon v. Independent Insurance Agents of America*, *Inc.*, 508 U.S. 439, 445-47 (1993).

By the time of Jackson's sentencing, one of the two statutes relating to the Statement of Reasons required that within 30 days "following entry of judgment in every criminal case," the

sentencing court had to submit to the Sentencing Commission "a written report of the sentence, the offense for which it is imposed, the age, race, sex of the offender, and information regarding factors made relevant by the guidelines." 28 U.S.C. § 994(w)(1). Under the other statute, if the sentence was outside the Guidelines range, the court had to state "with specificity" on the form the reasons for the variance. 18 U.S.C. § 3553(c)(2). The form, which the Commission approved, stated that it was "Not for Public Disclosure." The Chief Judge of each district court was charged with the duty of ensuring that the judges of the court comply with this reporting requirement. 28 U.S.C. § 994(w)(1).[1] These requirements remain today.

A different system had been in effect before 2010. Between 2003 and 2010, 18 U.S.C. § 3553(c)(2) required a sentencing court not only to state the reasons for its sentence in open court, but also to state in its order of judgment and commitment the reason for not imposing a sentence within the Guidelines range.[2] Congress amended § 3553(c)(2) by eliminating the requirement that sentencing courts state their reasons in the judgment and commitment order.[3] In its place, Congress inserted language

---

[1] The history of § 994(w)(1) is set forth in *United States v. Ray*, 273 F. Supp. 2d 1160 (D. Mont. 2003), *aff'd* 375 F.3d 980 (9th Cir. 2004). For background on the Sentencing Commission, *see Mistretta v. United States*, 488 U.S. 361, 363-370 (1989).

[2] This requirement, in effect from 2003 until 2010, stemmed from the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401(c)(1), 117 Stat. 650, 669-70 (2003).

[3] In what appears to be an oversight, Congress neglected to delete the same language in the corresponding appellate review provision, 18 U.S.C. § 3742(f)(2), which continues to speak of "the required statement of reasons in the order of judgment and commitment."

requiring the court to state the reason for a variance in the court's § 994(w)(1)(B) report to the Sentencing Commission. *See* Pub. L. No. 111-174, § 4, 124 Stat. 1216, 1216 (May 27, 2010).

Our court has not addressed the effect of the 2010 amendment. *See United States v. Godoy*, 706 F.3d 493, 497 (D.C. Cir. 2013) (declining to "wade into that murky water"). But the First Circuit has. In light of this "decoupling" of the judgment and the Statement of Reasons, plus the Sentencing Commission's "control over the content of the form as part of its reporting duties to Congress," the First Circuit doubted that after 2010 the completed form did anything more than facilitate data collection. *United States v. Vazquez-Martinez*, 812 F.3d 18, 25-26 (1st Cir. 2016). Other courts of appeals have concluded that a district court's § 994(w)(1)(B) Statement of Reasons has no bearing on the validity of its sentence. *See United States v. Shakbazyan*, 841 F.3d 286, 292 (5th Cir. 2016), *petition for cert. filed* (Jan. 24, 2017) (No. 16-929) ("Moreover, the Statement of Reasons form is intended 'to serve a record-keeping function' and not to provide 'a procedural safeguard for any particular defendant.'"); *United States v. Sinkler*, 555 F. App'x 217, 222 (3d Cir. 2014) ("Congress imposed § 3553(c)(2)'s written statement requirement to improve data collection for use in reports to Congress. *See* 28 U.S.C. § 994(w)(1)."); *United States v. Denny*, 653 F.3d 415, 422 (6th Cir. 2011) (the Statement of Reasons form "was merely intended to serve a record-keeping function" and the forms "have not always been crafted with the same precision that judges heed during the oral sentence"). *See also United States v. Gracesqui*, 512 F. App'x 97, 99 (2d Cir. 2013) (relying on *Denny*).

There are good reasons for concluding that the Statements of Reasons district judges submit to the Sentencing Commission are purely administrative, to assist the Commission's data-

gathering function, not to confer on a sentenced defendant some after-the-fact procedural protection. On its face § 994(w) contemplates that each district court's report will be sent after the court's announcement of the sentence in open court and after entry of the judgment and commitment order – in other words, after sentencing is completed. The statute thus provides that the sentencing court will submit its report to the Commission "within 30 days following" – the word "following" is significant – "entry of judgment in every criminal case." 28 U.S.C. § 994(w)(1).

This 30-day post-judgment deadline would make little sense if the Statement of Reasons determined the validity of a sentence already imposed. Defendants wishing to appeal their sentence must file a notice of appeal within 14 days of the entry of judgment. FED. R. APP. P. 4(b)(1). *See also* FED. R. CRIM. P. 35(a) (allowing the district court to correct clear sentencing errors within 14 days). Yet the general rule is that after a defendant notices an appeal, the district court loses jurisdiction over the case. Federal Rule of Criminal Procedure 37(a) recognizes as much, as have we. *See United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). That the defendant must file a notice of appeal before the written statement is even due strongly suggests that the completed forms are for the Sentencing Commission's benefit in compiling sentencing data and in providing Congress with annual reports. *See* 28 U.S.C. § 994(w)(2) & (3).

Consider also the requirement, added in 2003, *see Ray,* 273 F. Supp. 2d at 1162, that the "Chief Judge of each district court" ensure that district judges submit the written Statement of Reasons to the Commission. 28 U.S.C. § 994(w)(1). This is consistent with the view of the courts of appeals, cited above, that the Statement of Reasons – "issued by the Judicial

Conference and approved by the United States Sentencing Commission," 28 U.S.C. § 994(w)(1)(B) – is merely an information-gathering device. *See Vazquez-Martinez*, 812 F.3d at 25-26. The same may be said of the notation on the form that it is "Not for Public Disclosure."

Despite these considerations, we do not decide today whether a deficient Statement of Reasons submitted to the Sentencing Commission could ever affect the validity of an otherwise valid sentence. As we have said, the parties did not brief the issue and we recognize that the effect of the 2010 amendment could be viewed differently. In *United States v. Brown*, 808 F.3d 865, 873-74 (D.C. Cir. 2015), for example, we treated an inadequate § 994(w)(1)(B) Statement of Reasons as if it had some bearing on the legality of an above-Guidelines sentence – albeit without any briefing on or attention to § 3553(c)'s reference to § 994(w)(1)(B).

**III.**

In this case, the court dated its completed form three days after the sentencing hearing and filed it on the criminal docket, with access restricted to counsel of record and the court, ten days before Jackson filed his notice of appeal. *See* Criminal Docket Sheet, *United States v. Jackson*, No. 1:14-cr-00222-RJL-1 (D.D.C.). (It is not entirely clear when the court submitted the completed form to the Sentencing Commission.) On the form, the court checked the reasons for the variance in Jackson's sentence: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) and "to afford adequate deterrence to criminal conduct." Because the court did not give any further explanation on the form, Jackson claims that this constitutes

reversible error. Jackson failed to lodge this objection with the district court, so we again review for plain error.

Even if the district court's completion of the report were deficient, this would not warrant remanding the case or setting Jackson's sentence aside. Our court has never decided a case in which the oral statement was sufficient but the written statement was not. But every other circuit with jurisdiction over criminal appeals has affirmed the sentence in that situation, even when the statute required the Statement of Reasons to be set forth in the judgment. *See United States v. Vazquez-Martinez*, 812 F.3d 18, 25 (1st Cir. 2016); *United States v. Verkhoglyad*, 516 F.3d 122, 133, 137 (2d Cir. 2008); *United States v. Cooper*, 394 F.3d 172, 176 (3d Cir. 2005); *United States v. Tyler*, 614 F. App'x 108, 110 (4th Cir. 2015) (per curiam); *United States v. Comeaux*, 371 F. App'x 468, 470-71 (5th Cir. 2010) (per curiam); *United States v. Williams*, 396 F. App'x 212, 220 (6th Cir. 2010); *United States v. Baker*, 445 F.3d 987, 991-93 (7th Cir. 2006); *United States v. Orchard*, 332 F.3d 1133, 1141 n.7 (8th Cir. 2003); *United States v. Daychild*, 357 F.3d 1082, 1107-08 (9th Cir. 2004); *United States v. Hunter*, 464 F. App'x 754, 764 (10th Cir. 2012); *United States v. Claiborne*, 626 F. App'x 848, 851 (11th Cir. 2015) (per curiam). That makes perfect sense. What would make no sense is for us to remand the case to the district court to redo the form and repeat what it said in open court. The decisions just cited are also consistent with the settled law in this and other circuits that "the oral sentence controls," *United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011), and that "the written judgment form is a nullity to the extent it conflicts with the previously pronounced sentence." *United States v. Booker*, 436 F.3d 238, 245 (D.C. Cir. 2006); *see* FED. R. CRIM. P. 35(c) ("As used in this rule, 'sentencing' means the oral announcement of the sentence.").

When we have discovered deficiencies in a sentencing court's Statement of Reasons we have focused on whether this had any impact on our duty to review the sentence.[4] In two decisions, for instance, we held that a written Statement of Reasons was sufficient because it incorporated the district court's oral explanation by reference. *See United States v. Warren*, 700 F.3d 528, 532 (D.C. Cir. 2012); *United States v. Wilson*, 605 F.3d 985, 1035 (D.C. Cir. 2010). When the sentencing court's oral explanation allowed us "to conduct appellate review" of the sentence, we decided that "a remand is unnecessary." *Wilson*, 605 F.3d at 1035. In *Brown*, 808 F.3d at 873, we stated that a written deficiency was "a serious problem because the trial judge's in-court statement is, itself, insufficient." The combination of the deficient oral and written statement precluded "appellate review of the substantive reasonableness of the sentence." *Id.* at 874 (quoting *United States v. Akhigbe*, 642 F.3d 1078, 1087-88 (D.C. Cir. 2011), and *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008)). A

---

[4] Quoting *United States v. Akhigbe*, 642 F.3d 1078, 1087-88 (D.C. Cir. 2011), and *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008), in which sentencing occurred before the amendment to § 3553(c)(2), our opinion in *Brown*, 808 F.3d at 874 – a case in which sentencing occurred after the amendment to § 3553(c)(2) – stated that insufficient oral and written explanations of a sentence prevent the public from "learn[ing] why the defendant received a particular sentence." But that sort of harm cannot be caused by deficiencies in the written report to the Commission because the report is not part of the public record. *See United States v. Pedroza-Orengo*, 817 F.3d 829, 837 (1st Cir. 2016). As we have mentioned, the form approved by the Sentencing Commission states that it is "Not for Public Disclosure."

sufficient oral explanation, which is what we have here, eliminates this problem.[5]

We therefore join every other circuit in holding that because the district court's oral explanation sufficed, any written deficiency did not affect Jackson's substantial rights and therefore does not warrant vacating Jackson's sentence or remanding the case.

## IV.

Jackson also claims that his sentence should be set aside for two other reasons. The first stems from the district court's comment during the hearing that Jackson deserved "not only an adequate punishment but a punishment that'll deter you and others." Sentencing Transcript 22. Jackson claims that the court therefore failed to impose a sentence "sufficient, but not greater than necessary" to achieve certain statutory sentencing goals. 18 U.S.C. § 3553(a).

Jackson's interpretation ignores the context of the court's remark. Sentencing courts are required to consider the need to deter others and the need to deter the defendant. 18 U.S.C. § 3553(a)(2)(B) & (C). When the district court made the statement Jackson quotes, it had just heard the prosecution and the defense refer to the similarity of Jackson's current and past

---

[5] *See In re Sealed Case*, 527 F.3d at 198 n.3 (Kavanaugh, J., dissenting). Without contradiction in the majority opinion, Judge Kavanaugh wrote that the "failure to memorialize in writing the reasons the court gave orally cannot constitute plain error: Failing to do so could not possibly 'affect the outcome of the district court proceedings' or 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alterations omitted). *See United States v. Pruitt*, 813 F.3d 90, 92-93 (2d Cir. 2016).

offense.  It is clear enough that the court meant that the sentence must be sufficiently stiff to deter Jackson and others from committing similar crimes in the future.  The court's remark therefore did not render the sentence unlawful.  *See United States v. Brinson-Scott*, 714 F.3d 616, 625 (D.C. Cir. 2013); *United States v. Schiradelly*, 617 F.3d 979, 982-83 (8th Cir. 2010) (per curiam).

Jackson's second claim is that his sentence was too severe.  As he sees it, the court improperly gave him an above-Guidelines sentence as punishment for his past business success.  Jackson misunderstands the district court's statements during the hearing.  The court said that this was "a sad case" because Jackson "had the potential to have a successful story."  Sentencing Transcript 22.  That observation was not a justification for the sentence.  Instead, the court was focusing on deterrence principles and did so reasonably.  *See supra* 3-4.  The district court's sentencing decisions are entitled to deference.  *See United States v. Gardellini*, 545 F.3d 1089, 1093, 1096 (D.C. Cir. 2008).  Given Jackson's commission of an offense while he was on probation for a similar offense, the district court's sentence was not an abuse of discretion.

*Affirmed*.