# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-3078**

**September Term, 2023**

FILED ON: MAY 24, 2024

UNITED STATES OF AMERICA,
APPELLEE

v.

DENZELL MOORE,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-01972-RC)

---

Before: PILLARD, KATSAS, and GARCIA, *Circuit Judges*.

## JUDGMENT

This appeal was considered on the district-court record and the parties' briefs and oral arguments. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

In 2012, Denzell Moore and a few confederates attempted to burglarize three college students at a home. While doing so, Moore shot two of the victims. Years later, he robbed a CVS drug store. After Moore was arrested, he fought another inmate with a homemade knife.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Moore pleaded guilty to first-degree burglary, Hobbs Act robbery, and possessing contraband in a penal institution. The plea agreement, which bound the district court once it was accepted, allowed for a sentence between 120 and 180 months in prison. The recommended range under the federal and local Sentencing Guidelines was between 83 and 159 months.

The district court imposed a 180-month sentence. To justify its upward variance, the court stressed that the burglary was "horrifying" because Moore shot two victims. J.A. 170–71 ("It is a miracle that nobody was killed."). Moore offered various arguments for a lower sentence, including his difficult childhood, age at the time of the burglary, small stature, and epilepsy. *Id.*

at 160–62. In response, the court "considered all the factors that [Moore] brought up," but "rejected them as mitigating factors warranting a different sentence." *Id.* at 192. After pronouncing its sentence, the court filed a written statement of reasons, checking the "extreme conduct" box as one reason for varying upward. *United States v. Moore*, No. 18-cr-00237 (D.D.C. Oct. 5, 2022), ECF No. 174 at 3.

On appeal, Moore contends the district court failed to adequately consider mitigating circumstances. During a thorough sentencing hearing, however, the court expressly considered those circumstances and reasonably found them outweighed by the "level of violence" in the burglary and the "need for protection of the community." J.A. 174; *see also id.* at 192. At the end of that hearing in this factually straightforward case, the court's succinct explanation was more than sufficient. *See Rita v. United States*, 551 U.S. 338, 356–57 (2007) ("Sometimes the circumstances will call for a brief explanation.").

Moore further claims that the district court committed procedural error by citing "extreme conduct" as one reason for its upward variance. Moore did not preserve this argument below, so we review it only for plain error. *See United States v. Olano*, 507 U.S. 725, 732–35 (1993). We find no such error. The court's oral pronouncement at sentencing, highlighting that Moore shot two of his victims, supports this characterization and independently justifies the variance in any event. *See United States v. Jackson*, 848 F.3d 460, 465–66 (D.C. Cir. 2017). Moreover, even if there were an inconsistency between the written statement of reasons and the oral pronouncement at sentencing, the latter would govern. *United States v. Love*, 593 F.3d 1, 9 (D.C. Cir. 2010).

Finally, Moore contends that his 180-month sentence was substantively unreasonable. But as the district court explained, Moore's burglary was unusually violent because he shot two of his victims, thus warranting more severe punishment under the sentencing factors set forth in 18 U.S.C. § 3553(a). J.A. 186, 192. On deferential review, we cannot find that conclusion unreasonable. To the extent that Moore further complains of disparities between his sentence and those given to other offenders, he provides no evidence that the disparities are unwarranted. As discussed above, Moore's crimes were much more serious than an average first-degree burglary, so it is no surprise that he received a lengthier sentence.

For these reasons, the district court's judgment is affirmed. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**


FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

2