# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

―――――

Argued November 9, 2015 Decided December 1, 2015

No. 12-3108

UNITED STATES OF AMERICA,
APPELLEE

v.

NATHANIEL LAW,
APPELLANT

―――――

Consolidated with 13-3038, 13-3077

―――――

Appeals from the United States District Court
for the District of Columbia
(No. 1:03-cr-00311-4)
(No. 1:03-cr-00311-1)
(No. 1:03-cr-00311-2)

―――――

*Sylvia Royce*, appointed by the court, argued the cause for appellants. With her on the briefs were *Christine Pembroke* and *Allen Orenberg*, also appointed by the court.

*Katherine M. Kelly*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Vincent H. Cohen Jr.*, Acting U.S. Attorney, and *Elizabeth Trosman*, *John P. Mannarino*, and *Kenneth F. Whitted*, Assistant U.S. Attorneys.

Before: GARLAND, *Chief Judge*, and EDWARDS and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GARLAND.

GARLAND, *Chief Judge*:  A jury convicted the appellants of conspiring to traffic in narcotics and numerous related crimes. The scope of the conspiracy, and the appellants' role in distributing powder cocaine, crack cocaine, and heroin over the course of seven years, is detailed in the opinion of a panel of this court that considered the appellants' first appeal of their convictions and sentences.  *See United States v. Law*, 528 F.3d 888 (D.C. Cir. 2008).  In that opinion, the court affirmed the convictions in most respects, but reversed on one count per appellant and remanded for resentencing.  *Id.*  On remand, the district court sentenced all three appellants anew, and each now raises a number of objections to his resentencing.  We affirm the appellants' sentences in all respects.

I

The district court resentenced appellant William Farrell to concurrent terms of 262 months on each of four counts and 240 months on the remaining count.  The 262-month sentences were substantially lower than the sentences the court originally imposed on those counts in 2005.[1]  Farrell brings four challenges to his sentences, three of which allege procedural error and one of which alleges substantive error.  He did not raise any of these objections in the district court.

---

[1] At their resentencings, both Farrell and co-defendant Carroll Fletcher received lower sentences than they originally received because the district court applied the comparatively less severe 2011 United States Sentencing Guidelines and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.

When reviewing a sentence, this court "first ensure[s] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [U.S. Sentencing] Guidelines range . . . or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Procedural challenges that a defendant did not make in the district court are reviewed for plain error only. *United States v. Ransom*, 756 F.3d 770, 773 (D.C. Cir. 2014). We review claims of substantive unreasonableness under the abuse-of-discretion standard, however, "regardless of whether an objection on those terms was made" in the district court. *Id.* at 775.

Farrell's first contention is that the district court erred by failing to calculate the applicable Guidelines range. This argument fails because it is factually incorrect. At resentencing, the district court expressly incorporated all of the comments about sentencing factors that it had made at the original sentencing, Resentencing Hr'g Tr. 26 (J.A. 209), adopted the Probation Office's undisputed Presentence Investigation Report (PSR), *id.* at 17 (J.A. 200), and stated that the undisputed Guidelines range was 262 to 327 months, *id.* at 26-27 (J.A. 209-10).[2] The sentence the court imposed was the bottom of that

---

[2] *See also* Farrell PSR at 5 (J.A. 321) (explaining the calculation of the 262-to-327-month Guidelines range); Resentencing Hr'g Tr. 16 (J.A. 199) (statement by defense counsel that he had no objection to the PSR); Def.'s Sentencing Mem. 1-2 (J.A. 180-81) (stating that "[t]here do not appear to counsel to be material factual errors or omissions to the U.S. Sentencing Guidelines computation" in the PSR and that "Defendant's counsel does not take issue with the [G]uideline calculation of level 38, criminal history category II, which produces a range of 262-327 months").

range.

Second, Farrell contends that the district court erred, as part of its Guidelines calculation (which he simultaneously claims the district court never made), by increasing his Guidelines offense level by four on the ground that he was an "organizer or leader" of a drug trafficking organization. *See* United States Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a); *see also Law*, 528 F.3d at 895 (observing that the district court had applied the four-level enhancement at the original sentencing). The court erred, Farrell maintains, because it never made the findings required to characterize him as an "organizer or leader."

But the reason the district court did not make its own findings is that it had put the question to the jury in the form of a special verdict, and the jury found that Farrell was an organizer or leader. The court did not err in relying on the jury's finding because, although a court is permitted to make a sentencing determination based upon a mere "preponderance of the evidence," *see United States v. Fahnbulleh*, 752 F.3d 470, 481 (D.C. Cir. 2014), the jury -- as the court instructed -- resolved the question beyond a reasonable doubt. *See* Trial Tr. 30 (Jan. 19, 2005, PM Session). Farrell nonetheless complains that the jury failed to consider the specific factors that a sentencing court must examine when determining whether a defendant was an organizer or leader. But that is simply incorrect. In fact, the court instructed the jury *in haec verba* with respect to the factors set out in the Guidelines and this court's precedent. *Compare* Trial Tr. 30 (Jan. 19, 2005, PM Session), *with* U.S.S.G. § 3B1.1 cmt. n.4, *and United States v. Quigley*, 373 F.3d 133, 138 (D.C. Cir. 2004).

Third, Farrell contends that the court failed to consider certain factors that, according to the Guidelines, may be relevant in determining whether a departure is warranted. Appellants Br.

20.  Specifically, Farrell claims that the court failed to consider his "age and somewhat problematic health."  *Id.*  (referencing U.S.S.G. §§ 5H1.1 and 5H1.3).  Again, this failure-to-consider argument is factually incorrect:  the district court expressly considered both Farrell's age and his health.  *See* Resentencing Hr'g Tr. 27 (J.A. 210).  But in light of its consideration of other relevant sentencing factors, the court simply disagreed with Farrell's view that his age and health justified a departure.  *Id.* In so doing, the court did not err.  *See Rita v. United States*, 551 U.S. 338, 356 (2007) (stating that the sentencing judge need only "set forth enough [reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"); *see also id.* at 345, 356 (finding no abuse of discretion where the district court acknowledged the defendant's ailments and then announced that a bottom-of-the-Guidelines sentence was "appropriate" and that it would not depart downward).

Finally, Farrell argues that his 262-month sentences on four counts -- the bottom of the Guidelines range -- were substantively unreasonable and that the court should instead have sentenced him to the statutory mandatory minimum of 240 months' incarceration. We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard," *Gall*, 552 U.S. at 40, and a "sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness," *United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006); *see Rita*, 551 U.S. at 347 (authorizing appellate courts to apply such a presumption). Farrell's argument does nothing to rebut the presumption of reasonableness.  Indeed, we note that on Farrell's first appeal, this court held that his original, higher sentence of 324 months was within the zone of reasonableness.  *See Law*, 528 F.3d at 902-03.

6

II

Like his co-defendants, Nathaniel Law was convicted on Count 1 of the indictment, which charged him with conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 grams or more of heroin. *See* 21 U.S.C. §§ 841, 846. At resentencing, both the prosecutor and defense counsel agreed that the court was required by statute to sentence Law to life imprisonment on that count because of the quantity of drugs involved and the fact that he had "two or more prior convictions for a felony drug offense," *id.* § 841(b)(1)(A). *See* Resentencing Hr'g Tr. 20-21, 25-27 (J.A. 152-53, 157-59). Accordingly, the court resentenced Law to life on Count 1. It resentenced Law to concurrent terms of 212 months on the remaining (subsidiary) counts. The sentence on each count was the same as the sentence the court originally imposed.

Like Farrell, Law maintains for the first time on appeal that the district court committed procedural error by failing to calculate the applicable Guidelines range at resentencing. This argument meets the same fate as Farrell's because it is not factually correct. At the resentencing, the district court incorporated by express reference the Guidelines calculations it had made at Law's first sentencing -- as well as the reasons the court had given for granting Law a downward departure from the Guidelines range on the subsidiary counts. *See* Resentencing Hr'g Tr. 28-29 (J.A. 160-61). Although nothing more was required, there was more. The court's Guidelines range was the same as that recommended in the PSR for the resentencing, which defense counsel stated he did not dispute, *id.* at 22 (J.A. 154), and which the district court adopted, *id.* at 24-25 (J.A. 156-57). Moreover, the sentence to which the defendant principally objects, the life sentence on Count 1, was not a Guidelines sentence at all. Rather, it was mandated by 21 U.S.C. § 841(b)(1)(A), which -- as Law's trial counsel

acknowledged -- "trumps the Guidelines," Resentencing Hr'g Tr. 20 (J.A. 152).

Law also contends for the first time that the life sentence the court imposed on Count 1 violates the Eighth Amendment because it constitutes cruel and unusual punishment. This contention is foreclosed by precedent. The Supreme Court rejected it in *Harmelin v. Michigan*, 501 U.S. 957 (1991), and this court, following *Harmelin*, likewise rejected it in *United States v. Walls*, 70 F.3d 1323, 1328 (D.C. Cir. 1995). In its recent opinion in *Miller v. Alabama*, the Supreme Court left *Harmelin* undisturbed. *See* 132 S. Ct. 2455, 2470 (2012) ("[L]ife without parole is permissible for nonhomicide offenses -- except . . . for children. . . . Our ruling thus neither overrules nor undermines nor conflicts with *Harmelin*.").

## III

Appellant Carroll Fletcher was resentenced to life imprisonment on Count 1 because, like Law, he had "two or more prior convictions for a felony drug offense": one in 1987 and one in 1977. *See* 21 U.S.C. § 841(b)(1)(A). The court imposed concurrent terms of 168 months on the remaining counts. The sentence on Count 1 was the same as that originally imposed; the remaining sentences were substantially lower than those the court originally imposed. *See supra* note 1. Fletcher raises five objections to his sentences, several of which he did not raise below.

First, like his co-defendants, Fletcher contends that the district court failed to calculate the applicable Guidelines range. Fletcher's argument fails because it is, again, factually incorrect. *See* Resentencing Hr'g I Tr. 11-12 (June 5, 2013) (J.A. 232-33) (statement by the court that Fletcher's Guidelines range was "168 to 210 months"); Resentencing Hr'g II Tr. 6 (July 26,

2013) (J.A. 248) (noting that "the [G]uideline range for a level 34 offense with a criminal history category of [II]" was 168 to 210 months); *see also* Fletcher PSR at 5 (calculating the same Guidelines range); Resentencing Hr'g I Tr. 10 (J.A. 230) (adopting the undisputed portions of the PSR).

Second, like Law, Fletcher argues that a life sentence for his conviction on Count 1 violates the Eighth Amendment. Fletcher's argument is foreclosed by the same precedents that foreclose Law's. *See supra* Part II.

Third, Fletcher argues that his 1987 conviction, which contributed to the enhancement of his sentence on Count 1, was entered pursuant to an *Alford* plea,[3] and that a conviction based on such a plea is insufficient to establish a prior conviction under 21 U.S.C. § 841(b). We have no need to consider whether Fletcher's argument about *Alford* pleas is legally sound because it is not factually sound. The government has produced the Judgment and Commitment Order for Fletcher's 1987 conviction, which shows that the 1987 conviction was not the result of a plea at all. Supp. App'x 37-38; *see Law*, 528 F.3d at 911 (explaining that the Government could satisfy its burden of proving a conviction by producing the Judgment and Commitment Order).

Fourth, Fletcher contends that his 1977 conviction, which also contributed to the enhancement of his sentence on Count 1, was set aside under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5021 (1976), and hence should not have been

---

[3] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime").

considered in his sentencing on that count. Fletcher offers no evidence that his 1977 conviction was set aside. Moreover, the prior panel held that, "[e]ven assuming [Fletcher's] 1977 conviction was set aside under the FYCA, . . . the conviction still counts for purposes of sentencing under [21 U.S.C.] § 841(b)," *Law*, 528 F.3d at 909, and "the district court still must take it into account in determining his sentence under § 841(b)," *id.* at 910. That decision is the law of the case, *see LaShawn v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc), and obviates the need for further discussion of this contention.

Finally, at oral argument Fletcher asserted -- for the first time -- that there was a defect in the Judgment and Commitment Order for his 1977 conviction that rendered improper any reliance on that conviction for sentencing enhancement. The alleged defect: the version of the order on the court's Electronic Case File system lacked a "second page" with the requisite signature of the trial judge. *See* Supp. App'x 39. Although this argument comes far too late, it contains a more fatal flaw: the government has provided both this court and opposing counsel with the missing "second page" -- and it does in fact contain the signature of the district judge.[4]  Accordingly, we have no grounds for questioning Fletcher's sentence.

IV

For the foregoing reasons, we reject all of the appellants' sentencing challenges and affirm the judgments of the district court.

*So ordered.*

---

[4] The entire document is actually one page, but because it was originally printed on legal-size paper, it required two pages when copied.