# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 21, 2016       Decided March 31, 2017

No. 15-3062

UNITED STATES OF AMERICA,
APPELLEE

v.

DANIEL FRY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cr-00016-1)

*Michael Alan Olshonsky*, appointed by the court, argued the cause and filed the briefs for appellant.

*David P. Saybolt*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Elizabeth Trosman* and *John P. Mannarino*, Assistant U.S. Attorneys.

Before: GRIFFITH, SRINIVASAN, and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*:  Daniel Fry pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  On appeal, Fry raises procedural and substantive challenges to the sentence imposed against him by the district court.  His arguments principally revolve around the proposition that the district court, for policy-based reasons, should have varied from the Sentencing Guidelines provisions addressing child-pornography offenses.  We reject Fry's arguments and affirm the sentence imposed by the district court.

I.

On June 11, 2014, Fry met an undercover agent on a social-networking site after Fry had posted several links to child pornography on the site's public chat room.  On June 24, 2014, Fry contacted the undercover agent, who was posing as the father of an eight-year-old girl.  During their conversation, Fry offered to send the agent forty videos of child pornography in exchange for watching (via webcam) the agent sexually abuse the purported eight-year-old child.  Fry then sent the agent several images and videos containing child pornography.  Many of the images and videos depicted prepubescent females engaging in sex acts with adults and other prepubescent children.

Officers arrested Fry and executed a search warrant at his home.  During the search, the officers recovered over 600 images of child pornography.  The images included depictions of prepubescent children engaged in sadomasochistic sex acts.

Fry pleaded guilty to one count of possession of child pornography.  As part of his plea agreement, Fry agreed to the applicability of certain enhancements under the Sentencing Guidelines because his child-pornography offense involved:

material with a prepubescent minor or minor under twelve, U.S.S.G. § 2G2.2(b)(2), distribution of material, *id.* § 2G2.2(b)(3)(F), portrayal of sadistic or masochistic conduct, *id.* § 2G2.2(b)(4), use of a computer, *id.* § 2G2.2(b)(6), and 600 or more images, *id.* § 2G2.2(b)(7)(D). Fry also agreed that his estimated Sentencing Guidelines range was 97 to 121 months and that a sentence within that range would be reasonable.

The district court sentenced Fry to 108 months of imprisonment, to be followed by 120 months of supervised release. Fry now appeals his sentence.

## II.

Fry raises both procedural and substantive challenges to his sentence. The government contends as a threshold matter that we should decline to address Fry's arguments because, as part of his plea agreement, he waived the right to appeal any sentence within the Guidelines range. Fry responds that his appeal waiver should not be enforced because the district court mischaracterized the waiver in a colloquy with Fry in his plea hearing. *See United States v. Godoy*, 706 F.3d 493, 495-96 (D.C. Cir. 2013). We have no need to resolve whether Fry waived his right to appeal his sentence. Because the waiver question does not go to our court's jurisdiction, we can forgo deciding it if we reject Fry's sentencing challenges on the merits, which we do here for reasons we now explain. *See United States v. Shemirani*, 802 F.3d 1, 3 (D.C. Cir. 2015).

## A.

We first address Fry's claim that the district court procedurally erred in imposing his sentence. Because Fry failed to raise his procedural objections in the district court, we review the claims for plain error. *See United States v. Melgar-*

*Hernandez*, 832 F.3d 261, 266 (D.C. Cir. 2016). To prevail under the plain-error standard, Fry must show that the district court made a "(1) legal error that (2) was plain, (3) affected the defendant's 'substantial rights,' and (4) seriously affected the 'fairness, integrity or public reputation of the judicial proceedings.'" *United States v. Head*, 817 F.3d 354, 359 (D.C. Cir. 2016) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Fry fails to satisfy that standard.

Fry initially contends that the district court failed to give adequate consideration to the sentencing factors set out in 18 U.S.C. § 3553(a). That provision calls for a sentencing court to consider certain factors, including the nature and circumstances of the offense, the defendant's history, the seriousness of the offense, the need to deter criminal conduct and protect the public from further crimes, the sentencing range, and the interest in avoiding unwarranted sentence disparities among similarly situated defendants. A district court, however, "need not consider every § 3553(a) factor in every case." *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008).

The district court gave adequate consideration to those factors here. The court explained that it viewed the offense conduct to be particularly serious because Fry offered to give the undercover agent pornographic materials if the agent would allow Fry to watch the agent sexually abuse a child victim. The case therefore involved "more than possession. We have bartering." Sentencing Hr'g Tr. at 5. The bartering, the district court emphasized, was especially troubling because it would have created "a new victim." *Id.* at 23. The court repeatedly highlighted the serious nature of Fry's conduct and explained that the sentence would deter Fry and "others who may be inclined in doing similar kinds of things." *Id.* at 25. The court thus determined that the sentence was "fair and just" and

"reflects the seriousness of the offense." *Id.* Those statements demonstrate the court's consideration of the pertinent sentencing factors.

Fry's next procedural challenge contends that the district court gave inadequate consideration to his policy-based argument for a sentence below the Guidelines range. His argument was that the Guidelines for child-pornography offenses should be disregarded because they give rise to sentencing enhancements in too great a share of child-pornography cases. We address the substance of that argument below, but with regard to Fry's contention that the district court gave it insufficient consideration, a district court, we have explained, must "provide a 'reasoned basis' for its decision and consider all 'nonfrivolous reasons' asserted for an alternative sentence" at the time of sentencing. *United States v. Locke*, 664 F.3d 353, 357 (D.C. Cir. 2011) (quoting *Rita v. United States*, 551 U.S. 338, 356-57 (2007)); *see* 18 U.S.C. § 3553(c). As long as the district court provides a reasoned basis, "we generally presume that [the court] adequately considered the arguments and will uphold the sentence if it is otherwise reasonable." *Locke*, 664 F.3d at 358.

Those standards are satisfied here. The district court stated that it had "taken into consideration" the arguments made by Fry's counsel in deciding against giving Fry a sentence at the upper end of the Guidelines range. Sentencing Hr'g Tr. at 25. When Fry's counsel raised concerns about certain of the Guidelines enhancements for child-pornography offenses, the district court explained that, even absent those enhancements, the serious nature of Fry's conduct remained. The court later affirmatively acknowledged that it had heard Fry's argument and had also read Fry's pleadings on the point. The record thus confirms that the district court considered Fry's arguments for a sentence below the Guidelines range.

In short, Fry fails to identify any procedural error, let alone plain error, committed by the district court in imposing his sentence.

### B.

We turn next to Fry's argument that the sentence imposed by the district court was substantively unreasonable. "[W]e review claims of substantive unreasonableness for abuse of discretion, regardless of whether an objection on those terms was made" at sentencing. *United States v. Russell*, 600 F.3d 631, 633 (D.C. Cir. 2010). The 108-month sentence imposed by the district court was within the Guidelines range and is thus presumptively reasonable. *See id.* at 634. In fact, Fry expressly conceded in his plea agreement that a sentence within that range would be reasonable.

Fry claims that the sentence nevertheless was unreasonable and the district court should have varied downward because the child-pornography Guidelines, U.S.S.G. § 2G2.2, are based on congressional mandates rather than empirical studies. Fry notes that district courts have discretion to vary from the Guidelines for crack-cocaine offenses "based on a policy disagreement with those Guidelines." Fry Br. 12 (quoting *Spears v. United States*, 555 U.S. 261, 266 (2009)). He claims the child-pornography Guidelines contain largely the same flaws as the crack-cocaine Guidelines and thus require the same treatment. Specifically, Fry highlights that many of the enhancements listed in section 2G2.2 apply to ordinary offenders, giving rise to disproportionately severe sentences even for "run-of-the-mill" cases. *Id.* at 11-12 (quoting *United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010)). In support of his argument, Fry presented evidence through which he sought to show that his enhancements for images involving prepubescent minors, for

the number of images, for use of a computer, and for sadomasochistic images applied in the vast majority of cases. As a result, Fry contends, the district court should have varied downward from the child-pornography Guidelines.

None of Fry's arguments, however, supports the conclusion that a district court's decision to *agree* with the Guidelines constitutes an abuse of discretion. It is true that several courts of appeals have allowed district courts to vary downward from the child-pornography Guidelines based on policy disagreements with those Guidelines. *See United States v. Henderson*, 649 F.3d 955, 960, 963 (9th Cir. 2011); *Dorvee*, 616 F.3d at 188; *United States v. Grober*, 624 F.3d 592, 609, 611 (3d Cir. 2010); *United States v. Stone*, 575 F.3d 83, 89 (1st Cir. 2009). None of those courts, however, *require* a district court to disagree with the Guidelines. In fact, several of our sister circuits have emphasized that district courts may choose to agree with the Guidelines on policy grounds. *See Henderson*, 649 F.3d at 964; *Grober*, 624 F.3d at 609; *Stone*, 575 F.3d at 90, 93. We similarly conclude that, even if a district court retains discretion to vary from the child-pornography Guidelines based on a policy disagreement with them, a district court does not necessarily abuse its discretion by agreeing with (and applying) those Guidelines.

Here, the district court's statements at sentencing evidence the judge's agreement with the policy behind the Guidelines. The court recognized that it could vary outside the Guidelines range. The court emphasized, however, that the children in child-pornography videos are "true victims" whose "victimization follows them the rest of their lives," which, to the court, was "the reason why, in a nutshell, Congress has set these very serious, and sometimes, you could even argue, severe sentences for these types of actions here." Sentencing Hr'g Tr. at 24. The court thus excercised its discretion to agree

with the policy behind the Guidelines, stating, "I must give a sentence that reflects the seriousness of the conduct; a Guideline Range sentence does that." *Id.* The court also explained that, even absent the Guidelines enhancements, the "very serious" nature of Fry's conduct remained a central consideration in its analysis. *See id.* at 12-13. In particular, as noted above, Fry was "bartering . . . for a new victim to be created." *See id.* at 23.

The district court could reasonably conclude that the sentence reflected "the seriousness of the conduct" and would protect the public by deterring Fry and "others who may be inclined in doing similar kinds of things." *See id.* at 24-25. Fry has thus failed to show that the district court abused its discretion in imposing a sentence in the middle of the Guidelines range.

\* \* \* \* \*

For the foregoing reasons, we affirm the district court's judgment.

*So ordered.*