BROWN, Circuit Judge,
concurring:
While I agree the district court’s grant of habeas relief in this action did not trigger the application of the Fair Sentencing Act’s (“FSA”). reduced penalties, Op. 47-48, 51, I would reach this conclusion regardless of whether the district court made a sentence “correction” or conducted a more complete “resentencing.” The Supreme Court’s rule in Dorsey v. United States, 567 U.S. 260, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) was a ticket for a few trains only; that ticket has long since expired.[1]
Dorsey holds the FSA should apply to those defendants who completed their criminal conduct before the statute’s enactment but who were initially sentenced after the law took effect. Id. at 2335-36. Specifically, the Dorsey Court considered application of the FSA to initial sentenc-ings in light of two competing statutory *54 provisions: (1) 1 U.S.C. § 109, which instructs, “[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide;” and (2) 18 U.S.C. § 3553(a)(4)(A)(ii), which “says that when determining the particular sentence to be imposed in an initial sentencing, the [district] court shall consider, among other things, the sentencing range established by the Guidelines that are in effect on the date the defendant is sentenced.” 132 S.Ct. at 2330-32 (emphasis omitted) (quoting 1 U.S.C. § 109; 18 U.S.C. § 3553(a)(4)(A)(ii)). Since the FSA itself directs the Sentencing Commission to amend the crack-cocaine Guidelines soon after the statute’s effective date, the Court determined — in the context of an initial sentencing — Section 3553(a)(4)(A)(ii)’s “background sentencing principal” outweighed Section 109’s “default rule.” Id. at 2332-34; see id. at 2339 (Scalia, J., dissenting).
Fair enough; the Court acknowledged the need to draw an arbitrary line in light of contradictory statutory language, and it did so. But nothing in Dorsey indicates it should be extended to resentencings. To the contrary, the Court’s six-factor analysis reveals its desire to avoid any future application of its limited holding. See Op. 45-46 n.2; see also Dorsey, 132 S.Ct. at 2344 (Scalia, J., dissenting) (“The Court’s [majority] decision is based on six considerations, taken together, and we are not told whether any one of these considerations might have justified the Court’s result in isolation, or even the relative importance of the various considerations.”). Indeed, the Sixth Circuit refused to apply Dorsey to a resentencing following a direct appeal, noting the statutory conflict present in Dorsey was not present in that new context. United States v. Hughes, 733 F.3d 642, 645 (6th Cir. 2013) (noting Section 3553(a)(4)(A)(ii)’s direction to apply the Sentencing Guidelines that were “in effect on the date the defendant is sentenced”— the text Dorsey viewed as dispositive— contained a critical exemption for resen-tencing on remand following direct appeal). The Sixth Circuit, therefore, remarked: “What the parties ask us to do in this case [apply Dorsey to a resentencing on remand], then, is remarkable. The presumption created by § 109 is one that we are bound to take seriously, as the Supreme Court reminded us in Dorsey. And in Hughes’s case that presumption is not rebuttedId. Accordingly, the court held the FSA did not apply to a defendant who had been resentenced following direct appeal after the statute’s effective date, but who committed his crime and had been initially sentenced prior to that date.
Here, decades after Palmer’s initial sentencing, we must answer yet another question: should the FSA apply to a resentenc-ing on habeas relief following a change in relevant substantive law? Much like the Sixth Circuit panel in Hughes, I believe Dorsey need not be extended. While habe-as relief contemplates an exception to the finality of criminal sentences, the authority of a district court judge to alter a sentence previously imposed is narrowly circumscribed. Cf. Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (noting the importance of finality in criminal proceedings and the evidentiary standard necessary to overcome it in habe-as proceedings). Indeed, in circumstances where changes in intervening law mandate reopening a sentence, Supreme Court jurisprudence generally contemplates “only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.” Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). To permit more would create new anomalies in sentencing — anomalies *55 having nothing to do with the craek/pow-der cocaine inequities addressed in the Fair Sentencing Act and Dorsey.
Accordingly, while the Court does not reach the question, see Op. 42, I would conclude a district court is bound to apply the law in effect at the time of initial sentencing when constructing an amended judgment following the grant of habeas relief. To hold otherwise would transform Dorsey, into an inappropriately broad exception to the rule of finality in criminal sentences; prejudice the government, which may need to fashion arguments to accommodate now-spoiled evidence; and grant a tremendous windfall to the select few defendants who manage to partially prevail on habeas motions.

. As an initial matter, the government does not concede Dorsey applies to resentencings. Rather, its brief states, ‘‘[N]umerous other Circuits have held that the FSA applies to a true 'resentencing,' and the government has conceded that point in other cases." Gov’t Br. 24 n.10 (emphasis added). The mere fact that the government had previously conceded Dorsey applied to resentencings in other matters is hardly dispositive for this Court’s review. See NLRB v. Local 103, Int’l Ass’n of Bridge, Structural & Ornamental Iron Workers, 434 U.S. 335, 351, 98 S.Ct. 651, 54 L.Ed.2d 586 (1978) (noting a governmental agency "is not disqualified from changing its mind”). As the Supreme Court has acknowledged, “private agreements between litigants ... cannot relieve this Court of performance of its judicial function” in interpreting the statutes Congress passed "irrespective of [the litigants’] prior or present views.” Garcia v. United States, 469 U.S. 70, 79, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984). “[T]he proper administration of the criminal law cannot be left merely to the stipulation of parties.” Young v. United States, 315 U.S. 257, 259, 62 S.Ct. 510, 86 L.Ed. 832 (1942).
Finally, this Court’s oblique statement in United States v. Law, 806 F.3d 1103, 1105 n.1 (D.C. Cir. 2015) — buried in a footnote and noting only that the district court had "applied” the FSA on resentencing — hardly settles the legal dispute.