# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 14, 2017        Decided July 17, 2018

No. 16-3126

UNITED STATES OF AMERICA,
APPELLEE

v.

MICHAEL MATTEA,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cr-00093-1)

*Mary E. Davis*, appointed by the court, argued the cause for appellant. With her on the briefs was *Thomas Abbenante*, appointed by the court.

*David P. Saybolt*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Channing D. Phillips*, U.S. Attorney, and *Elizabeth Trosman*, *Elizabeth H. Danello*, and *Lindsay Suttenberg*, Assistant U.S. Attorneys.

Before: GRIFFITH, MILLETT, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Michael Mattea pleaded guilty to the distribution of child pornography and agreed to an estimated sentencing range of 151 to 188 months in prison under the U.S. Sentencing Guidelines ("Guidelines"). The district court sentenced Mattea to 151 months' incarceration. Mattea appeals, arguing that the district court abused its discretion by miscalculating the Guidelines range through application of an inappropriate enhancement and by refusing to impose a sentence below the Guidelines range. We reject Mattea's arguments and affirm the district court's sentence.

I

In February 2016, Mattea emailed someone he believed was the parent of a ten-year-old girl, but who turned out to be an undercover officer from the Federal Bureau of Investigation. Mattea told the officer he had a sexual interest in children and wanted to meet and sexually abuse the officer's purported daughter. Then, in March, Mattea sent the officer several sexually explicit images of a prepubescent girl who appeared to be between eleven and twelve years old.

Officers shortly thereafter arrested Mattea at his home in West Virginia. Investigators seized Mattea's cell phone, computers, and other electronic devices. All told, law-enforcement officials found 187 videos and 116 images depicting child pornography, including videos depicting sexual acts with infants and toddlers.

In October 2016, Mattea pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). As part of his plea agreement, Mattea acknowledged that, under the Guidelines, his violation of § 2252(a)(2) set his "base offense level" at twenty-two (the highest level being forty-three). Mattea also agreed to the application of several

enhancements that would increase his offense level and his estimated range of punishment. Specifically, Mattea received enhancements because his child-pornography offense concerned material involving a prepubescent minor or minor under twelve, U.S.S.G. § 2G2.2(b)(2); distribution of contraband, *id.* § 2G2.2(b)(3)(F); portrayal of sadistic or masochistic conduct, *id.* § 2G2.2(b)(4); use of a computer, *id.* § 2G2.2(b)(6); and 600 or more images of child pornography, *id.* § 2G2.2(b)(7)(D). In his plea agreement, Mattea expressly reserved the right to challenge the application of the computer-use enhancement at his sentencing hearing. These enhancements collectively added fifteen levels to Mattea's base offense level.

Mattea's range was also adjusted three levels downward based on Mattea's demonstrated acceptance of responsibility and his cooperation with authorities. After applying each of these enhancements and downward adjustments, Mattea's total offense level yielded an estimated Guidelines range of 151 to 188 months' incarceration. Mattea agreed that any sentence within that range would be reasonable.

The district court ultimately sentenced Mattea to 151 months' imprisonment, followed by 240 months of supervised release. Mattea now appeals his sentence.

II

The district court had jurisdiction to impose Mattea's sentence pursuant to 18 U.S.C. § 3231. We have jurisdiction over Mattea's appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

The government argues that Mattea waived the right to appeal his sentence in his plea agreement. Mattea responds that

his appeal waiver should not be enforced because the district court mischaracterized the waiver in a colloquy with Mattea during his plea hearing. *See United States v. Godoy*, 706 F.3d 493, 494-96 (D.C. Cir. 2013). Because the validity of an appeal waiver does not go to our jurisdiction, we need not address the question if we reject Mattea's challenge on the merits, which, as explained below, we do. *See United States v. Shemirani*, 802 F.3d 1, 3 (D.C. Cir. 2015).

III

Appellate review of sentencing decisions "is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). We follow a two-step procedure for assessing a sentence's reasonableness.

First, we "ensure that the district court committed no significant procedural error," such as "improperly calculating[] the Guidelines range," "failing to consider the [appropriate] factors," or "failing to adequately explain the chosen sentence." *Id.* at 51.

Second, if the sentencing court's decision is procedurally sound, we consider the "substantive reasonableness" of the sentence. *Id.* Our review for substantive reasonableness is "quite deferential," *United States v. Knight*, 824 F.3d 1105, 1111 (D.C. Cir. 2016), and it will be an "unusual case when [we] can plausibly say that a sentence is so unreasonably high or low" as to warrant reversal, *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008). Moreover, a "sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness." *United States v. Law*, 806 F.3d 1103, 1106 (D.C. Cir. 2015) (quoting *United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006)).

We review claims of procedural error and substantive unreasonableness for abuse of discretion. *Gall*, 552 U.S. at 51; *see also United States v. Wilson*, 605 F.3d 985, 1034 (D.C. Cir. 2010).

IV

A

Mattea argues that in its calculation of his Guidelines range, the district court erred when it applied the two-level increase for a child-pornography offense involving the use of a computer. *See* U.S.S.G. § 2G2.2(b)(6). Mattea does not dispute that he used a computer to possess and distribute pornographic images. Instead, Mattea relies on a February 2013 report issued by the U.S. Sentencing Commission, the independent agency tasked with developing and updating the Guidelines, to point out that "given today's technology, every offense of possessing or distributing child pornography involves a computer." Mattea Br. 19; *see also* U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* 323-24 (2012) (explaining that the computer-use enhancement "applies in virtually every case"). Due to the ubiquity of computers, Mattea contends that the computer-use enhancement, first established in 1996, now "fail[s] to differentiate among offenders in terms of their culpability." U.S. Sent'g Comm'n, *supra*, at iii.

Since the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines serve only an advisory function. *Id.* at 245. Nevertheless, even in a post-*Booker* world in which the Guidelines are not binding, the sentencing court "must calculate and consider the applicable Guidelines range" as its starting point. *Dorcely*, 454 F.3d at

375. And *Booker* did not change "how the Guidelines range is to be calculated." *Id.* at 375 n.6.

The district court adequately considered Mattea's argument and acted within its sound discretion to reject it. The computer-use enhancement is written in mandatory language: "If the offense involved the use of a computer . . . for the possession, transmission, receipt, or distribution of the material, . . . increase by 2 levels." U.S.S.G. § 2G2.2(b)(6). As the district court aptly noted, "The law as it currently exists makes that enhancement an enhancement for that [child-pornography] offense." Responding to defense counsel's concerns, the district court recognized that the enhancement could act as a "double hit" given its application in almost every present-day child-pornography offense under § 2252(a)(2). Even so, the district court also explained that its role in calculating the Guidelines range was not that of a "policy maker." Instead, the district court was limited to "apply[ing] the Guidelines as currently constructed and the enhancements as currently styled." According to the district court, this enhancement's near-universal application in child-pornography cases presented policy issues that Congress itself would have to address.

Even so, the district court suggested that though Mattea could not use his policy-based argument in a challenge to how his sentencing range was calculated, "certainly" he could use the argument "to . . . seek a variance downward from an existing Guidelines Range[]." Mattea's counsel acknowledged that he could pursue the variance argument and did so later in the hearing. The record thus confirms that the district court "considered" Mattea's argument against applying the enhancement and offered a "reasoned basis" for rejecting it. *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The

district court recognized both the limitations that the Guidelines placed on the court when calculating Mattea's range and the discretion it retained to vary from that correctly calculated range.

Whatever the merits of Mattea's policy dispute with the Guidelines' computer-use enhancement, the district court did not abuse its discretion by applying it here. We recently addressed a similar situation in *United States v. Fry*, 851 F.3d 1329 (D.C. Cir. 2017), involving a defendant likewise sentenced for a child-pornography offense. The defendant in *Fry* argued that the sentencing court should have granted him a downward variance from the Guidelines range based solely on a policy disagreement with the Guidelines. In particular, the defendant maintained that a downward variance was required because many of his sentence's enhancements—including use of a computer—"applied in the vast majority of cases." *Id.* at 1333. We rejected that argument because "a district court does not necessarily abuse its discretion by agreeing with (and applying) [the child-pornography] Guidelines." *Id.* at 1334.

Of course, Mattea's case is not exactly like *Fry*. Mattea challenges the calculation of his Guidelines range based on a policy disagreement with the Guidelines. *Fry* only involved a policy-based challenge to the district court's decision not to grant a downward variance; the defendant in *Fry* did not challenge the district court's decision to apply the relevant enhancements when calculating his Guidelines range. Despite this difference, the principle in *Fry* still controls here: A district court generally does not abuse its discretion by applying the Guidelines to the facts before it. If anything, Mattea's challenge is even less forceful than the one in *Fry* because the district court's discretion is greater when considering downward variances than when calculating the correct Guidelines range. *Cf. United States v. Ballestas*, 795

F.3d 138, 150 (D.C. Cir. 2015) (stating that sentencing courts enjoy "substantial discretion . . . following calculation of the guidelines range"); *United States v. Haipe*, 769 F.3d 1189, 1191 (D.C. Cir. 2014) (explaining that a "properly calculated range frames the district court's exercise of its discretion").

The district court did not abuse its discretion when applying the computer-use enhancement. We therefore affirm that aspect of Mattea's sentence.

B

Mattea also argues that the district court abused its discretion by refusing Mattea's request for a downward variance from the calculated Guidelines range. We address in turn the procedural and substantive elements of this challenge.

Mattea claims the district court procedurally erred by failing to adequately consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Mattea argued before the district court that a substantial variance down to sixty months' incarceration (the statutory mandatory minimum) was justified after considering the sentencing practices of other district court judges. For instance, Mattea noted that in 2015 only 30.7% of those convicted of federal child-pornography offenses nationwide received a sentence within the Guidelines range, and 67.5% of those convicted were sentenced below the range. Mattea even presented a series of cases from our circuit in which judges imposed sentences well below the calculated Guidelines range for what Mattea considers to be similar conduct.

In assessing Mattea's procedural challenge, we must bear in mind that

the § 3553(a) factors that district courts must consider at sentencing are vague, open-ended, and conflicting; different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender.

*Gardellini*, 545 F.3d at 1093.

Section 3553(a)(6) requires courts to consider avoiding *unwarranted* disparities among defendants "with similar records who have been found guilty of similar conduct." It "does not require the district court to avoid sentencing disparities between []defendants who might not be similarly situated." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

Here, the district court adequately considered the need to avoid unwarranted disparities and did not abuse its discretion when concluding that Mattea was differently situated from defendants for whom other district court judges granted downward variances. The district court recognized that avoiding unwarranted disparities is "one of the factors" it needed to consider, and emphasized that Mattea's crime did not constitute "a typical case" of child pornography. The district court sufficiently explained how the distinctly troubling features of Mattea's child-pornography offense warranted Mattea's sentence.

As the government explained in its sentencing memorandum, Mattea's collection of child pornography was "particularly disturbing" because he had images of toddler and infant abuse. J.A. 133; *see also* J.A. 126 & n.4 (listing in

graphic detail some "particularly egregious" pieces of Mattea's child-pornography collection). The district court agreed, concluding that Mattea's collection of child pornography was "extraordinary and outrageous and terrible and particularly heinous," necessitating sufficient punishment to deter others "who might engage in conduct like this, who may engage in collecting the type of pornography and the amount of pornography that [Mattea] obtained." Also, because Mattea had sought to meet and sexually abuse a minor, the district court explained that a within-Guidelines sentence would better deter people from trying to arrange the type of meeting Mattea sought.

The district court did not procedurally err when invoking the particular characteristics of Mattea's offense to justify his sentence. When an offense is uniquely serious, courts will consider the need to impose "stiffer sentences" that "justif[y] the risk of potential disparities." *United States v. Jones*, 846 F.3d 366, 372 (D.C. Cir. 2017); *see also United States v. Accardi*, 669 F.3d 340, 346 (D.C. Cir. 2012) (concluding that a within-Guidelines sentence for a child-pornography offense did not produce an unwarranted disparity when the images distributed by the defendant "were much more aggressive and troubling than the images distributed by other offenders" who received lesser sentences). The district court considered the aspects of Mattea's crime that justified the disparity between his within-Guidelines sentence and the below-Guidelines sentences in this circuit. This was not procedural error.

Mattea nevertheless contends that the district court's consideration of unwarranted disparities was defective because the court's analysis was infected by an irrelevant factor. When the defense introduced the recent cases in which district court judges in this circuit had granted downward variances for child-pornography offenses, the district court discounted most

of those precedents as the products of "judges who were appointed by President Obama in the last three or four years, and who have very limited experience in sentencing in these cases."

Mattea argues that these comments demonstrate that the district court made its sentencing determination on the basis of political beliefs. We disagree. To be sure, district courts should avoid creating even an appearance of impropriety by making comments that could be taken to be partisan. But as we read the district court's statements, they concerned recent judicial appointees' relative lack of sentencing experience, not politics. To the extent that the district court's perception of its additional experience affected its judgment, this only reinforced the court's confidence in the need to impose a punishment "that's consistent with the seriousness of [Mattea's] conduct" and would "protect[] the public" through adequate deterrence. These reasons for imposing a within-Guidelines sentence—rooted in Mattea's conduct and the need for public safety—are not the products of politics. Moreover, throughout its discussion of judicial experience, the district court was centrally focused on the *substantive* differences between the cases cited by the defense counsel and Mattea's present offense. The challenged statements do not detract from the district court's reasoned consideration of Mattea's arguments for a downward variance.

Finally, Mattea argues that even if the district court adequately considered the unwarranted-disparities factor, its sentence of 151 months' incarceration was nonetheless substantively unreasonable. This is an unpersuasive challenge, especially given that Mattea himself conceded in his plea agreement that any within-Guidelines sentence would be "reasonable."

Because Mattea's sentence falls within the Guidelines range, we presume it is reasonable. *See Law*, 806 F.3d at 1106. Taking into account "the totality of the circumstances," *Gall*, 552 U.S. at 51, we conclude that Mattea has not rebutted that presumption. We "cannot say that the [district] court acted unreasonably" when concluding that the egregious character of Mattea's offense necessitated a more severe sentence. *Jones*, 846 F.3d at 372. Instead, we "defer to the district court's judgment when," as here, "it has presented a 'reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.'" *United States v. Ventura*, 650 F.3d 746, 751 (D.C. Cir. 2011) (quoting *Gall*, 552 U.S. at 59-60). Given the district court's extensive consideration of the statutory factors and the reasoned explanation of its decision, the court did not abuse its discretion by imposing a sentence at the bottom of the Guidelines range. *See Fry*, 851 F.3d at 1333-34 (affirming as substantively reasonable a within-Guidelines sentence for a child-pornography offender based on the seriousness of the conduct and the need for adequate deterrence).

## V

For the foregoing reasons, we affirm the sentence imposed by the district court.

*So ordered.*